UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| JONATHAN JAY PARKER | CIVIL ACTION NO. 08-0583 |
| VS. | JUDGE HAIK |
| ASRC OMEGA NATCHIQ | MAGISTRATE JUDGE METHVIN |

*RULING ON MOTION TO COMPEL*
(Rec. Doc. 16)

This matter is before the undersigned on plaintiff's Motion to Compel Responses to Interrogatories and Request for Production of Documents (rec. doc. 16). The motion is opposed.

*Background*

In this *pro se* suit, plaintiff alleges that defendant unlawfully terminated him from employment in violation of Title VII, the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12112(a), *et seq.* Specifically, plaintiff alleges that defendant refused to pay for a follow-up medical examination after a workplace evaluation showed a high blood pressure reading.[1] The high blood pressure reading took place during an evaluation for a respirator.

A review of the record shows that plaintiff was hired by the defendant on approximately April 3, 2007, and was terminated on June 16, 2007.[2] The defendant asserts that plaintiff was eventually successfully fitted for a respirator during his employment, and that he was terminated not for high blood pressure, but because he fell asleep in a customer's training class, which was against company policy.[3]

*Discussion*

---

[1] Petition (rec. doc. 1) and Rule 26(f) Report (rec. doc. 15).

[2] See Affidavit of Thomas Gravouilla, Exhibit 3 to defendant's Motion for Summary Judgment (rec. doc. 25).

[3] Id.

In his motion to compel, plaintiff asks the court to compel the defendant to answer several interrogatories and requests for production propounded to the defendant, to which the defendant has objected.

Plaintiff has asked for information regarding the defendant's employees, its customers, his supervisor's educational background, financial information, and criminal convictions.

Plaintiff also requests safety information, such as the last known address and phone number of defendant's past and present safety coordinator, employee safety observation cards, incidents or recordable accidents, and audits and citations issued to defendant by OSHA, the EPA, the DEQ, or the defendant's internal safety inspection team.

Plaintiff further requests productions of respiratory and pulmonary training records showing employee training and certificates of completion performed during the past ten years.

Finally, plaintiff requests 1) documents "reflecting the sources of all income enjoyed by you at this point;" 2) an executed authorization for release of employment information, and 3) copies of federal and state income tax returns filed by defendant and "President, Gary Buchanaan, Agents and Thomas Gravouilla filed for the years 2005, 2006 and 2007."[4]

## *Analysis*

In order to make out a prima facie case of discrimination under the ADA, a plaintiff must show that (1) he has a disability; (2) he is qualified for the position; and, (3) an adverse employment decision was made because of his disability. <u>Hamilton v. Southwestern Bell Telephone Company</u>, 136 F.3d 1047 (5th Cir. 1998).

---

[4]Memorandum in Support of Plaintiff's Motion to Compel Interrogatories and Production of Documents (rec. doc. 16-3), p. 7.

Federal Rules of Civil Procedure, Rule 26(b)(1), governs the scope of discovery, in pertinent part, as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence....

Under the broadest reading of plaintiff's complaint, he alleges that he was discriminated against and terminated because he had high blood pressure. Under Fed. R. Civ. P. 26(b)(1), the information and documentation requested must be relevant either to a parties' claim or defense.

The information requested by plaintiff regarding the defendant's other employees, its customers, its president and his supervisor's educational background, financial information, and criminal convictions is not relevant to plaintiff's claim that he had or was perceived as having a disability, his qualifications, or his termination.

Information and documentation regarding the defendant's safety personnel, procedures, inspections, and violations are likewise irrelevant to plaintiff's ADA claim, except to the extent that the defendant was cited by a regulatory body for a violation related to actions taken by the defendant in connection with plaintiff's respirator, medical evaluation or condition, or termination. If the defendant was cited for any violation related to plaintiff's fittings for the respirator, or medical evaluation or condition, or termination, then those records shall be produced.

Records regarding respiratory and pulmonary training are irrelevant, as plaintiff does not allege that he was improperly evaluated or fitted for a respirator.

The copies of federal and state income tax records requested of non-parties Buchanaan and Gravouilla are not relevant. Furthermore, while plaintiff has requested punitive damages, and the defendant's last three years of federal and state income tax records may become relevant, at this point in the litigation their production would be overbroad and unduly burdensome. The record shows that defendant has filed a motion for summary judgment, which if granted, would result in dismissal of plaintiff's claim. Therefore, the tax records shall not be ordered compelled at this time, and plaintiff's motion shall be denied as premature as to that request, reserving plaintiff's right to request those records if defendant's motion for summary judgment is denied.

*Conclusion*

For all the reasons given above,

**IT IS ORDERED** that plaintiff's Motion to Compel Responses to Interrogatories and Request for Production of Documents (rec. doc. 16) is **GRANTED IN PART AND DENIED IN PART** as follows:

1)   The motion is **GRANTED** insofar as Defendant is ordered to answer, **within ten days of this date,** interrogatories number 5, 6 (a request for production), and 7 (also a request for production), to the extent they are related to actions taken or not taken by the defendant in connection with plaintiff's respirator fittings, medical evaluations or conditions, or termination;

2)   The motion is **DENIED AS PREMATURE** as to plaintiff's request number 5, to the extent it requests the defendant's federal and state income tax return records for the years 2005, 2006, and 2007, and plaintiff shall retain the right to reurge the motion as to that request only if the defendant's motion for summary judgment is denied;

3) The remaining requests for relief are **DENIED**.

Signed at Lafayette, Louisiana, on October 7, 2008.

_____
Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)